IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORTHWEST ENVIRONMENTAL DEFENSE
CENTER, a non-profit corporation, and FRIENDS
OF THE TUALATIN RIVER NATIONAL               CV-08-548-ST
WILDLIFE REFUGE, a non-profit corporation,
                                             OPINION AND ORDER
                Plaintiffs,

     v.

GRABHORN, INC., an Oregon corporation,

                Defendant.

STEWART, Magistrate Judge:

      In this citizen suit, plaintiffs allege that defendant, Grabhorn, Inc. ("Grabhorn"), has violated both the Federal Water Pollution Control Act, more commonly known as the Clean Water Act ("CWA"), 33 USC §§ 1251-1387, and the Resource Conservation and Recovery Act ("RCRA"), 42 USC §§ 6901-7000. With regard to the CWA, plaintiffs assert that Grabhorn is violating 33 USC § 1311(a) by discharging pollutants into Grabhorn Pond, an unnamed tributary of the Tualatin River (the unnamed creek running alongside the eastern border of the Grabhorn

1 - OPINION AND ORDER

facility), and the Tualatin River without a required National Pollution Discharge Elimination System ("NPDES") permit. Based on that assertion, plaintiffs bring two alternative claims for violation of the CWA. Plaintiffs also allege two claims for violation of the RCRA because Grabhorn has: (1) engaged in "open dumping of solid waste" in violation of 42 USC § 6945(a) (Third Claim); and (2) handled, treated, stored, or disposed of solid waste in a manner which "may present an imminent and substantial endangerment to health or the environment" in violation of 42 USC § 6972(a)(1)(B) (Fourth Claim).

On October 30, 2009, this court issued an Opinion and Order ("O&O") ruling on the parties' cross-motions for summary judgment on the two CWA claims. Among other rulings, that O&O granted summary judgment to Grabhorn against the First Claim on the basis that Grabhorn Pond is not a "waters of the United States" as either an "intrastate lake" or "impoundment" of a tributary or intrastate lake. Plaintiffs have now filed a Motion for Reconsideration (docket #100) of that ruling.

The O&O also denied a portion of Grabhorn's cross-motion for summary judgment on the basis that the CWA covers discharges to navigable surface waters through hydrologically connected groundwater. Grabhorn has filed an Amended Motion for Certification of an Interlocutory Appeal and Motion to Stay Pending Appeal (docket #106) with respect to that issue.

For the reasons that follow, both motions are DENIED.

///

///

///

## ANALYSIS

### I. Motion for Reconsideration

#### A. Legal Standard

A party may seek reconsideration of a ruling on a summary judgment motion under either FRCP 59(e) or FRCP 60(b). A motion for reconsideration under FRCP 59(e) must be filed within 10 days after entry of the judgment while motions under FRCP 60(b) must be filed within a reasonable time, but no later than one year after entry of judgment for motions brought under subsections (1) through (3). No judgment has been entered as yet, and plaintiffs filed their motion within 10 days after the O&O was issued on the cross-motions for summary judgment.

The district court generally applies the same analysis under both rules. *See Fidelity Fed. Bank, F.S.B. v. Durga Ma Corp.*, 387 F3d 1021, 1023 (9th Cir 2004) (discussing FRCP 60(b)); *Fuller v. M.G. Jewelry*, 950 F2d 1437, 1441 (9th Cir 1991) (discussing FRCP 59(e)). Three major grounds justify reconsideration: "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F3d 1255, 1263 (9th Cir 1993), *cert. denied*, 512 US 1236 (1994) (citation omitted). Reconsideration is the exception and warranted only by these and "[o]ther, highly unusual, circumstances." *School Dist. No. 1J*, 5 F3d at 1263. *See also Carroll v. Nakatani*, 342 F3d 934, 945 (9th Cir 2003) (noting that FRCP 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources,'" citing 12 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 59.30[4] (3rd ed 2000)).

///

### B. "Intrastate Lake" Issue

Plaintiffs neither argue that there has been an intervening change in the controlling law nor that newly available evidence merits a different result. Instead, they contend that this court committed clear error by granting Grabhorn's motion for summary judgment against the First Claim because genuine issues of material fact remain as to whether Grabhorn Pond is an "intrastate lake" pursuant to 40 CFR § 122.2(c). Therefore, they ask this court to reconsider its decision to grant Grabhorn's motion for summary judgment on that issue.

Plaintiffs' arguments are largely a second attempt to convince this court that "adjacency" can confer CWA jurisdiction over Grabhorn Pond. The sole focus of plaintiffs' summary judgment argument was that Grabhorn Pond fell within CWA jurisdiction by virtue of its location adjacent to other waters of the United States. This court rejected that argument. Plaintiffs' citations to disputed issues in their Concise Statement of Material Facts (docket #41) and argument regarding the "significant nexus" between Grabhorn Pond and the Tualatin River do not differ in substance from their previously rejected "adjacency" argument.

To the extent plaintiffs' arguments do not repeat those made earlier, they now come too late. This court granted summary judgment to Grabhorn, noting plaintiffs' failure to present any evidence that Grabhorn Pond is "used or could be used by interstate or foreign travelers for recreational or other purposes," is the source "from which fish or shellfish are or could be taken and sold in interstate or foreign commerce," or is "used or could be used for industrial purposes by industries in interstate commerce." 40 CFR § 122.2(c). Plaintiffs contend that the evidence demonstrates that Grabhorn Pond is "used or could be used for industrial purposes by industries in interstate commerce," by pointing to the admitted use of the pond water for irrigation of

Grabhorn's crops and Christmas trees and for fire suppression at the landfill. However, fire suppression at the Grabhorn facility clearly involves no interstate commerce, and the record is devoid of any evidence that Grabhorn's irrigated crops or Christmas trees are or could be used in interstate commerce. If plaintiffs had any such factual evidence, they should have discovered and submitted it in opposition to Grabhorn's summary judgment motion.

Plaintiffs also point to potential expert testimony to establish that the pond water could theoretically be used for industrial purposes in interstate commerce.[1] Even though expert disclosures under FRCP 26(a)(2) are not yet due, plaintiffs have failed to explain why they could not have made this same argument when this court was considering the cross-motions. If resolution of the cross-motions needed to await the expert disclosures, then plaintiffs could have moved under FRCP 56(f) to obtain a continuance, yet they did not. Only after this court noted the absence of plaintiffs' evidence to oppose Grabhorn's motion do plaintiffs now seek to present the possibility of being able to present such evidence.

Accordingly, plaintiffs' Motion for Reconsideration (docket #100) is DENIED. However, should the expert disclosures support plaintiffs' position that Grabhorn Pond falls within CWA jurisdiction because it is "used or could be used for industrial purposes by industries in interstate commerce" for some reason other than the "adjacency" theory, then, and only then, they may move to reconsider the granting of Grabhorn's summary judgment motion on that narrow issue in order to avoid a manifest injustice.

///

///

---

[1] To the extent that any expert opinions are based on the "adjacency" theory, then they are not relevant to this issue.

## II. Motion to Certify Interlocutory Appeal

### A. Legal Standard

Generally, a party may seek appellate review of a district court's rulings only after entry of a final judgment. 28 USC § 1291; *In re Cement Antitrust Litigation*, 673 F2d 1020, 1022-23 (9th Cir 1982). However, the district court may certify an order for an interlocutory appeal if it finds "that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 USC § 1292(b). An order for an interlocutory appeal "is to be applied sparingly and only in exceptional circumstances." *United States v. Woodbury*, 263 F2d 784, 799 n11 (9th Cir 1959).

### B. Discharges Through Hydrologically Connected Groundwater

Grabhorn seeks certification of an interlocutory appeal of that portion of the O&O denying its motion for summary judgment on the basis that the CWA covers discharges to navigable surface waters through hydrologically connected groundwater. Pending that appeal, Grabhorn also seeks a stay of all further proceedings.

Even though a substantial ground for difference of opinion may exist as to the question of law at issue, this court is not persuaded that the issue is sufficiently controlling to merit an interlocutory appeal. A question of law is "controlling" if resolving it on appeal "would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, 673 F2d at 1026. Even if the hydrologically connected groundwater issue is resolved on appeal, two other CWA issues remain, namely (2) whether pollutants in Grabhorn Pond actually seep into groundwater that is hydrologically connected to the Tualatin River or the unnamed creek, and (2) whether Grabhorn

6 - OPINION AND ORDER

Pond is a water of the United States as a wetland under 40 CFR § 122.2(g). If Grabhorn prevails on the hydrologically connected groundwater issue in an interlocutory appeal, then the first CWA issue becomes moot. However, this case would still proceed on the second CWA issue, as well as on plaintiffs' remaining unrelated RCRA claims. Furthermore, the second CWA issue as to whether Grabhorn Pond is a wetland likely would involve an inquiry into the subsurface hydrological connection, if any, between Grabhorn Pond, the Tualatin River and the unnamed creek. That is the same information necessary to determine if Grabhorn Pond is discharging into hydrologically connected groundwater. In other words, even a successful interlocutory appeal is unlikely to affect the scope of evidentiary development or litigation expense needed to prepare for trial.

As Grabhorn correctly notes, should plaintiffs prevail on their theory that Grabhorn Pond is a wetland, the issue then becomes whether an NPDES permit is required for any point source discharge of pollutants into Grabhorn Pond. Given that Grabhorn has ceased discharges through the two former stormwater pipes, the only remaining alleged point source discharge of pollutants to Grabhorn Pond is through groundwater from the area of ponding. If Grabhorn prevails on its interlocutory appeal, then any hydrologically connected groundwater connection either to or from Grabhorn Pond would not require an NPDES permit. However, as set forth in the O&O, claims would still remain at trial for civil penalties and declaratory and injunctive relief for discharges which occurred between March 8, 2003, and September 25, 2009, into Grabhorn Pond through the two former stormwater pipes, as well as on the RCRA claims.

Resolving the hydrologically connected groundwater issue through an interlocutory appeal may well narrow the issues and have a significant impact on the parties' ability to resolve

the remaining issues short of a trial. However, that possibility cannot be considered as part of the court's calculation concerning the need to certify an interlocutory appeal. Moreover, an interlocutory appeal will serve to delay the case while not materially advancing the litigation to conclusion of all remaining issues.

## ORDER

For the reasons set forth above, plaintiffs' Motion for Reconsideration (docket #100) is DENIED with leave to refile if the expert disclosures support plaintiffs' position that Grabhorn Pond falls within CWA jurisdiction because it is "used or could be used for industrial purposes by industries in interstate commerce" for some reason other than the "adjacency" theory. In addition, defendant's Amended Motion for Certification of an Interlocutory Appeal and Motion to Stay Pending Appeal (docket #106) is DENIED.

DATED this 11th day of February, 2010.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge